WYTHE, Chancellor.
No law is necessary to be made. This privilege is part of the common law of England, which we have adopted, and extends, not only to judges, but to attornies, witnesses, and the parties themselves.
EYONS, Judge.
There is no point more clear. Parties attending their suits are privileged; so are their attorneys and witnesses: and so the judges must be.
Rule awarded.
Ronald, now appeared agreeable to the rule. He stated, and so it appeared by the evidence, that he had acted with a good deal of delicacy towards the chief justice; and that it was by the desire of that gentleman, that the writ was issued and served. That he (Ronald) wished the question of privilege to be considered; for, by the common law, the same privilege, which it is contended, in this case, ought to be extended to the judges, extends also to counsel, attornies and suitors. That the bill of rights says, no person shall be entitled to privileges, but in consideration of services ; and, as the act of assembly had exempted witnesses from *arrest, without mentioning the other characters, the latter were not privileged; for expressio unius, exclusio alterius.
The rule was discharged; and the following is the entry on the order book:
“The court, on consideration of the rule against Andrew Ronald, Adam Craig and David Royster, do declare, That the judges are, by law, privileged from the service of all process in civil suits during the time of their attendance at court, and a reasonable time for travelling to and from the place of their session. But, as the officers on the present occasion, do not appear to have had any design to violate the privileges of the court, the rule is discharged.”